### STATE OF NORTH CAROLINA v. GEORGE HARRIS.

(Filed 8 November, 1967.)

**1. Criminal Law § 115—**

Where all of the evidence tends to show robbery by firearms, it is not error for the court to fail to submit the question of defendant's guilt of forcible trespass.

**2. Constitutional Law § 31—**

A defendant's right of confrontation cannot be impinged by the failure of the State to have one of the State's witnesses testify, there being no contention by defendant that the testimony of the State's witness could have benefited him in any way.

**3. Criminal Law § 173—**

Defendant may not complain of testimony which he himself elicits from a witness, the testimony being responsive to defendant's questioning.

**4. Criminal Law § 99—**

The court's admonition to defendant on occasions in which defendant is disrespectful in his attitude to the court, is proper.

APPEAL by defendant from *Canaday, J.,* Second June 1967 Regular Criminal Session of WAKE County Superior Court.

The defendant was convicted of the robbery of J. D. Blair on 9 April 1967 and from a judgment of imprisonment of not less than eight (8) nor more than ten (10) years appealed to this Court.

Mr. Blair, the manager of the Raleigh Western Union office, testified that on 9 April 1967 he was robbed of $233.00. He identified the defendant as the robber, as did a Raleigh police officer who saw the defendant walking back and forth in front of the Western Union office about twenty minutes before the robbery, "looking very suspicious." The defendant was arrested by Lt. Bunn of the Raleigh Police Department a few minutes after the robbery, some three blocks from the scene.

The defendant was fully informed of his rights and refused the appointment of counsel.

He was charged in a bill of indictment with robbery with firearms, and some ten weeks after his arrest his case was called for trial. He asked further time to prepare his defense but gave no other reason, and his request was declined.

The Court again informed him he was entitled to counsel which he refused, and the case was then tried, resulting in his conviction of robbery.

*Sheldon L. Fogel, Court-appointed attorney for defendant appellant.*

*Thomas Wade Bruton, Attorney General; Parks H. Icenhour, Assistant Attorney General; William B. Ray, Staff Attorney; and Frank M. Matlock, Staff Attorney, for the State.*

PER CURIAM.  The State's evidence tended to show that Harris had asked Mr. Blair if he had a Western Union money order for him and left when told that it was not there. About forty-five minutes later, he returned and made the same inquiry. He was again informed that there was no money for him, and the defendant then told Mr. Blair, "he said that he had a gun or weapon in his pocket and that this was a holdup and he wanted all my money. . . . He came through the gate with his left hand in his pocket. He did not take his hand out of his pocket. He came through the gate still saying that this was a holdup, and I let him have the money that was in a metal box in a safe." These facts, if believed, would constitute robbery. *State v. Lunsford,* 229 N.C. 229, 49 S.E. 2d 410. The defendant's exception to the failure of the Court to tell the jury it could return a verdict of forcible trespass is overruled.

The defendant excepted to the absence of Lt. Bunn, demanding the right "to confront his accusers." Lt. Bunn was sick in bed and of course did not testify in the case. The defendant did not subpoena Lt. Bunn, and even if the officer had been present the defendant could not have required the State to use him as a witness. The defendant did not claim that the officer could have benefited him by his testimony but merely demanded that he be allowed "to confront his accusers." The Solicitor said that he would not object to the defendant asking about any information Mr. Bunn had, and the Court also told the defendant that he could ask the State's witnesses anything he wanted to about Mr. Bunn.

The defendant called Robert L. Ennis, a Raleigh Police Officer, as a witness and questioned him about what Lt. Bunn knew. Ennis said that Bunn took the money out of the defendant's pocket because Harris told him that he needed some quick money; that Bunn saw the bulge in Harris' pocket and took a knife off of him and "the money."

Harris testified that he had gotten off the bus about three min-

utes before he was arrested and denied any connection with the robbery.

The record indicates that the defendant was disrespectful in his attitude toward the Court, causing the Judge to admonish him upon two occasions. The defendant excepted to these admonitions, but they were entirely proper and were justified by the defendant's conduct.

The jury in a fair trial and with a proper charge found the defendant guilty.

No error.